UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANNY KOOLE, an individual,
and STACI KOOLE,

        Case No. 14-13976

    Plaintiffs,

        Paul D. Borman

v.        United States District Judge

WELLS FARGO BANK, NA,

    Defendant.
_____/

ORDER DENYING PLAINTIFFS' MOTION
FOR A TEMPORARY RESTRAINING ORDER OR, IN THE ALTERNATIVE,
FOR A PRELIMINARY INJUNCTION (ECF NO. 8)

    This matter is before the Court on Plaintiffs Danny and Staci Koole's Motion for a Temporary Restraining Order or, In the Alternative, for Preliminary Injunction Enjoining Foreclosure Sale. (ECF No. 8.) Defendant Wells Fargo Bank N. A. ("Wells Fargo") has filed a response (ECF No. 11) and the Court held a telephonic hearing on the matter on May 15, 2015. For the reasons that follow, the Court DENIES the motion for preliminary injunctive relief.

**I.    BACKGROUND**

    Plaintiffs filed this Complaint in Genesee County Circuit Court on August 25, 2014, alleging wrongful foreclosure (Count I), breach of contract (Count II) and

1

fraudulent misrepresentation (Count III). Wells Fargo removed the case to this Court on October 15, 2014. (ECF No. 1 Notice of Removal and Complaint.) The Court issued a Scheduling Order on December 22, 2014, setting forth a discovery cutoff date of March 6, 2015, and a dispositive motion deadline of May 8, 2015. (ECF No. 6, Civil Case Management and Scheduling Order.)

On May 5, 2015, after the close of discovery and just days before the dispositive motion deadline, Plaintiffs filed an Emergency Motion for Temporary Restraining Order or, In the Alternative, for a Preliminary Injunction Enjoining Foreclosure Sale. (ECF No. 8.) Plaintiffs' motion asserted that a foreclosure sale was scheduled for May 6, 2015, although the motion attached no exhibits whatsoever that would indicate this to be the case, or that would even indicate that foreclosure by advertisement of their property had been initiated. The Court held a telephonic status conference with the parties on May 5, 2015, during which Wells Fargo agreed to maintain the status quo with respect to Plaintiffs' property. The Court issued an Order that same day reflecting what had occurred during the May 5, 2015, telephonic conference and set May 15, 2015, for a follow up telephonic conference to take up the merits of the motion for a temporary restraining order. (ECF No. 9, Order.) On May 14, 2015, Wells Fargo filed its response to the motion for a temporary restraining order. (ECF No. 11.) On May 15, 2015, the telephonic hearing took place as

scheduled. The Court learned at the hearing that Plaintiffs last made a payment on their Loan sometime in 2010. For the reasons that follow, the Court DENIES Plaintiffs' motion for injunctive relief.

## II. STANDARD OF REVIEW

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2008) (citation omitted). Plaintiff bears the burden of demonstrating entitlement to preliminary injunctive relief and the burden is substantial. *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000). Such relief will only be granted where "the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't,* 305 F.3d 566, 573 (6th Cir. 2002). When considering a motion for injunctive relief, the Court must balance the following factors: (1) whether the movant has a strong likelihood of success on the merits, (2) whether the movant would suffer irreparable injury absent preliminary injunctive relief, (3) whether granting the preliminary injunctive relief would cause substantial harm to others, and (4) whether the public interest would be served by granting the preliminary injunctive relief. *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 540 (6th Cir. 2007). "These factors are not prerequisites, but are factors that are to be

balanced against each other." *Overstreet*, 305 F.3d at 573. "The proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion." *Leary*, 228 F.3d at 739. Plaintiff must do more than just "create a jury issue," and must persuade the court that it has a likelihood of succeeding on the merits of its claims. *Id*. "This is because the preliminary injunction is an extraordinary remedy involving the exercise of a very far-reaching power, which is to be applied only in [the] limited circumstances which clearly demand it." *Id*. (internal quotation marks and citation omitted) (alteration in original). "Although no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. Nat'l Bd. of Medical Examiners*, 225 F.3d 620, 625 (6th Cir. 2000). These same factors are considered in evaluating whether to issue a temporary restraining order. *Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008).

Plaintiff must demonstrate that it is *likely* to suffer irreparable harm in the absence of an injunction. *See Winter*, 555 U.S. at 22 ("Our frequently reiterated standard requires plaintiffs seeking preliminary relief to demonstrate that irreparable injury is *likely* in the absence of an injunction. . . . Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be

awarded upon a clear showing that the plaintiff is entitled to such relief.") (emphasis in original) (internal citations omitted). "The 'key word' in determining the extent of an injury sufficient to support the award of injunctive relief is 'irreparable.' Mere injuries, however substantial, are not enough. Rather, 'the harm alleged must be both certain and immediate, rather than speculative or theoretical.'" *Hudson v. Caruso*, 748 F. Supp. 2d 721, 730 (W.D. Mich. 2010) (quoting *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 154 (6th Cir. 1991)).

## III.  ANALYSIS

Although discovery in this case is complete, Plaintiffs' motion attaches no affidavits or other documentary evidence to support the claim that they are entitled to the extraordinary remedy of injunctive relief. The Complaint itself attached no exhibits and offers little in the way of detail that would enable the Court to determine to any reasonable degree of certainty whether Plaintiffs have a substantial likelihood of succeeding on the claims set forth in the Complaint. Defendant's Response attaches some documents, including the Note, Mortgage and a series of forbearance agreements and loan modifications and related correspondence.[1]

---

[1] Many of these documents, although not attached to the Complaint, are referred to in the Complaint and are central to the claims in Plaintiffs' Complaint. Accordingly, the Court may consider such documents, and any matters of public record that pertain to the allegations of Plaintiffs' Complaint, many of which are attached to Defendant's response, without converting the motion to one for summary judgment. *See Greenberg v. Life Ins. Co. of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999); *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007).

Taking together the allegations of the Complaint and the documents submitted by Defendant in response to Plaintiffs' motion for injunctive relief, documents which were either referred to in the Complaint or are central to the claims in the Complaint, the following facts appear uncontested. On August 23, 2008, Plaintiffs obtained a mortgage loan ("the Loan") from Metro Finance in the amount of $123,972.00 evidenced by a Note dated August 23, 2008. (Compl. ¶ 3; Def.'s Resp. Ex. A, Note.) As security for repayment of the Note, Plaintiff executed a Mortgage ("the Mortgage"). (Def.'s Resp. Ex. B, Mortgage.) The Mortgage was recorded with the Genesee County Register of Deeds on September 8, 2008. (Def.'s Resp. Ex. B.)

Shortly thereafter, at least as early as January, 2009, Plaintiffs were having difficulty meeting their obligations under the Note and contacted Defendant to obtain some form of relief from their financial obligations under the Note. What followed was a series of forbearance and loan modification agreements. (Pls.' Compl. ¶¶ 7, 19; Def.'s Resp. Ex. C-E.) Plaintiffs' final effort to meet their obligations under the Loan was an offer in May, 2015, of a short sale of the home in the amount of $52,500. (Def.'s Resp. Ex. H.) The balance due and owing on the Loan at the time was approximately $139,000.00. (Pls.' Compl. ¶ 6; Def.'s Resp. Ex. E.) Defendant declined the short sale, which represented a fraction of the outstanding loan balance. (Def.'s Resp. 5; Ex. I.)

According to Defendant, following the rejection of the short sale, Defendant transferred the case to Attorneys Trott & Trott with instructions to proceed with a judicial foreclosure in state court. (Def.'s Resp. 5.) Before Trott & Trott had the opportunity to file that action, Plaintiffs filed a Complaint in Genesee County Circuit Court that has now been removed to this Court. According to Defendant, at the time that Plaintiffs filed this Complaint seeking to halt a foreclosure by advertisement, no foreclosure by advertisement had been initiated. *Id.* The Court was informed at the May 15, 2015 hearing on this matter that the Plaintiffs last made a payment on their Mortgage Loan sometime in 2010.

### A.     Likelihood of Success on the Merits

The essence of Plaintiffs' Complaint is that Defendant should have done more to offer Plaintiffs a loan modification that was acceptable to the Plaintiffs. Plaintiffs' counsel reiterated this grievance at the telephonic hearing on May 15, 2015, stating that Plaintiffs were interested in staying in the home if Defendant would offer a loan modification that was acceptable to the Plaintiffs. The Court concludes that Plaintiffs have failed to establish a substantial likelihood of success on the merits of their claims warranting the issuance of injunctive relief.

Plaintiffs' motion for injunctive relief devotes two paragraphs to a discussion of the likelihood that they will succeed on the merits of their three-count Complaint. Those paragraphs do nothing more than set forth the legal standard governing the likelihood of success analysis. (ECF No. 8, 15-16.) Plaintiffs do not separately discuss the likelihood of success on any one of the three Counts of their Complaint and indeed the motion does not discuss the merits of Plaintiffs' particular claims at all. Rather than discuss the likelihood of success on the merits of the claims in their Complaint in this section of their brief, Plaintiffs urge the Court to consider that Plaintiffs will suffer irreparable harm.

Plaintiffs bear the burden of establishing their entitlement to the extraordinary remedy of injunctive relief. It is not up to the Court to devise a likelihood of success argument for the Plaintiffs that they have not endeavored to develop themselves. When given the opportunity to speak to this issue at the telephonic hearing on this matter, Plaintiff's counsel merely added that Plaintiffs "loved the house and want to keep it," but that they could not afford the loan modification that they had last agreed to and which Defendant had accepted. There was no attempt to proffer a substantive argument in support of the bald assertion that Plaintiffs were likely to succeed on the merits of their claims. Accordingly, the Court finds that Plaintiffs have failed to establish a likelihood of success on the merits of their Complaint and this factor

therefore weighs heavily against granting the requested injunctive relief.

**B.     Irreparable Harm**

Plaintiffs urge the Court to find that in the absence of the requested injunctive relief preventing Defendant from moving forward with the foreclosure sale of their home, they will suffer irreparable harm. Plaintiffs must demonstrate that irreparable injury is *likely* in the absence of an injunction, not just that it is *possible*. *Winter*, *supra*, 555 U.S. at 22. The Court finds that Plaintiffs have failed to establish that they are likely to suffer irreparable harm in the absence of the requested injunctive relief. If the foreclosure sale of their home does occur, they will have the six month redemption period within which to attempt to redeem their property or make other living arrangements. *See Livonia Prop. Holdings, LLC v. 12840-12976 Farmington Road Holdings, LLC,* 399 F. App'x 97, 104 (6th Cir. 2010) (finding that district court did not clearly err in concluding that plaintiff did not face a threat of irreparable harm from impending foreclosure sale where plaintiff still had the right to redeem). *See also Sheldon v. Vilsack*, No. 11-10487, 2011 WL 611891, at *3 (E.D. Mich. Feb. 11, 2011) ("Because Plaintiff is permitted to redeem the property after the sale, she has not shown that irreparable harm will occur at the time of the foreclosure sale.") (citing *Livonia Prop. Holdings, LLC v. 12840-12976 Farmington Road Holdings, LLC*, 717 F. Supp. 2d 724, 740-41 (E.D. Mich. 2010)).

This Court previously has recognized that "in certain circumstances the threat of eviction and the realistic prospect of homelessness constitute a threat of irreparable harm and satisfy the first prong of the test for preliminary injunctive relief." *Smith v. State Farm Fire and Cas. Co.*, 737 F. Supp. 2d 702, 714 (E.D. Mich. 2010) (internal quotation marks and citation omitted). No such evidence has been presented here. In fact, no evidence, in the form of affidavits or otherwise, accompanies Plaintiffs' motion for injunctive relief in this case that would establish a realistic threat of irreparable harm. In fact, in their motion, Plaintiffs assert that they "remain ready, willing and able to pay back the arrearages on their loan by way of a repayment plan or loan modification." (ECF No. 8, Pls.' Mot. 19.) "Plaintiff[s] do[] not provide evidence that [they] would not be able to afford alternate housing and do[] not explain why monetary compensation would be inadequate should [they] be required to relocate." *Sheldon*, 2011 WL 611891, at *3 (alterations added).

Plaintiffs also mention that they have a son with cerebral palsy and that "relocating him would cause him unnecessary emotional and physical stress." Pls.' Mot. 19. The Court is of course sympathetic to Plaintiffs' situation but notes that Plaintiffs apparently were willing to relocate their son had the bank accepted the short sale that Plaintiffs proposed in May, 2015. Plaintiffs do not explain why the stress to their son caused by relocating six months from now would be any greater than it

would have been had the short sale that Plaintiffs themselves proposed been accepted by the Defendant.

The Court finds that Plaintiffs have failed to carry their heavy burden of establishing a likelihood that they will suffer immediate and irreparable harm in the absence of the extraordinary injunctive relief they seek, and this factor standing alone is sufficient to deny the requested injunctive relief. *See Lucero v. Detroit Public Schools*, 160 F. Supp. 2d 767, 801 (E.D. Mich. 2001) ("A showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction.") (internal quotation marks and citation omitted).

## IV. CONCLUSION

Despite that discovery in this case is now closed, Plaintiffs' motion for the extraordinary remedy of injunctive relief comes without a shred of evidentiary support or argument as to why they are likely to succeed on any one of their three claims. Nor does the motion demonstrate in what manner Plaintiffs will face irreparable harm if the injunction does not issue. Plaintiffs failure to establish either a substantial likelihood of success on the merits or the likelihood that they will suffer irreparable harm in the absence of an injunction necessitates denial of their motion for injunctive relief.

Accordingly, the Court DENIES Plaintiffs' motion for injunctive relief.

IT IS SO ORDERED.

s/Paul D. Borman<br>
PAUL D. BORMAN<br>
UNITED STATES DISTRICT JUDGE

Dated: May 27, 2015

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 27, 2015.

s/Deborah Tofil<br>
Case Manager