UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANNY KOOLE, an individual,
and STACI KOOLE,

        Plaintiffs,

v.

WELLS FARGO BANK, NA,

        Defendant.
                               /

Case No. 14-13976

Paul D. Borman
United States District Judge

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT AND DISMISSING PLAINTIFFS' COMPLAINT WITH PREJUDICE

This is a mortgage foreclosure case. Plaintiffs, who last made a payment on their loan in 2010, filed a Complaint in Genesee County Circuit Court on August 25, 2014, alleging wrongful foreclosure, breach of contract and fraudulent misrepresentation against Defendant Wells Fargo Bank, NA ("Wells Fargo"). Wells Fargo was served on September 24, 2014, and removed the matter to this Court. (ECF No. 1, Notice of Removal.) Before the Court is Defendant's motion for judgment on the pleadings or alternatively for summary judgment. (ECF No. 10.) Plaintiffs filed a Response (ECF No. 14) and Defendant filed a Reply (ECF No. 15).

The Court has adjourned a previously-scheduled hearing on Defendant's motion multiple times at the parties' request that they be given an opportunity to resolve this matter. Months have passed and no resolution has been reported to the Court. Now having carefully reviewed the pleadings, briefs and exhibits submitted by the parties, the Court concludes that oral argument is not necessary and the Court will determine the matter without a hearing. *See* E.D. Mich. L.R. 7.1(f)(2).

1

## I. BACKGROUND

Plaintiffs filed this Complaint in Genesee County Circuit Court on August 25, 2014, alleging wrongful foreclosure (Count I), breach of contract (Count II) and fraudulent misrepresentation (Count III). Wells Fargo removed the case to this Court on October 15, 2014. (ECF No. 1 Notice of Removal and Complaint.) The Court issued a Scheduling Order on December 22, 2014, setting forth a discovery cutoff date of March 6, 2015, and a dispositive motion deadline of May 8, 2015. (ECF No. 6, Civil Case Management and Scheduling Order.)

On May 5, 2015, after the close of discovery and just days before the dispositive motion deadline, Plaintiffs filed an Emergency Motion for Temporary Restraining Order or, In the Alternative, for a Preliminary Injunction Enjoining Foreclosure Sale. (ECF No. 8.) On May 27, 2015, the Court issued an Opinion and Order Denying the Motion for Temporary Restraining Order of Preliminary Injunction. (ECF No. 12, Opinion and Order.) The foreclosure sale occurred on June 10, 2015. (Pls.' Resp. Ex. 2, Sheriff's Deed on Mortgage Sale.) The redemption period expired on December 10, 2015. *Id.* Wells Fargo has continued to maintain the status quo since the inception of these proceedings.

As this Court noted when it issued its Opinion and Order denying preliminary injunctive relief, although discovery in this case is complete, Plaintiffs offer no affidavits or other documentary evidence to support the claims alleged their Complaint. The Complaint itself attached no exhibits and Plaintiffs' Response to Defendant's Motion to Dismiss and/or for Summary Judgment attaches only the Complaint, the Sheriff's Deed on Foreclosure Sale and a July 9, 2014 Letter from Wells Fargo to the Plaintiffs denying approval for mortgage assistance. Defendant's Motion attached some additional documents, including the Note, Mortgage and a series of forbearance agreements and loan

2

modifications and related correspondence, all of which were referred to in Plaintiffs' Complaint.[1]

Taking together the allegations of the Complaint and the documents submitted by the parties, the following facts appear uncontested. On August 23, 2008, Plaintiffs obtained a mortgage loan ("the Loan") from Metro Finance in the amount of $123,972.00 evidenced by a Note dated August 23, 2008. (Compl. ¶ 3; Def.'s Mot. Ex. A, Note.) As security for repayment of the Note, Plaintiff executed a Mortgage ("the Mortgage"). (Def.'s Mot. Ex. B, Mortgage.) The Mortgage was recorded with the Genesee County Register of Deeds on September 8, 2008. (Def.'s Mot. Ex. B.)

Shortly thereafter, at least as early as January, 2009, Plaintiffs were having difficulty meeting their obligations under the Note and contacted Defendant to obtain some form of relief from their financial obligations under the Note. What followed was a series of forbearance and loan modification agreements. (Pls.' Compl. ¶¶ 7, 19; Def.'s Mot. Ex. C-E.) Plaintiffs' final effort to meet their obligations under the Loan appears to have been an offer in May, 2015, of a short sale of the home in the amount of $52,500. (Def.'s Mot. Exs. F-H.) The balance due and owing on the Loan at the time of the proposed short sale, including past due interest and capitalization of amounts that had been advanced for taxes and insurance, was approximately $139,000.00. (Pls.' Compl. ¶ 6; Def.'s Mot. Ex. E.) Defendant declined the short sale, which represented a fraction of the

---

[1] Many of these documents, although not attached to the Complaint, are referred to in the Complaint and are central to the claims in Plaintiffs' Complaint. Accordingly, the Court may consider such documents, and any matters of public record that pertain to the allegations of Plaintiffs' Complaint, many of which are attached to Defendant's response, without converting the motion to one for summary judgment. *See Greenberg v. Life Ins. Co. of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999); *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007). As discussed *infra*, Defendant moves alternatively for summary judgment. Although the Court concludes that all documentation submitted by the parties is either referred to in, or central to the claims of, Plaintiffs' Complaint, and therefore the matter can be resolved under Rule 12(c), none of the supporting documentation creates a genuine issue of material fact if the Court were to consider the motion one for summary judgment under Fed. R. Civ. P. 56.

3

outstanding loan balance. (Def.'s Mot. 5; Ex. I.)

According to Defendant, following the rejection of the short sale, Defendant transferred the case to Attorneys Trott & Trott with instructions to proceed with a judicial foreclosure in state court. (Def.'s Resp. 5.) Before Trott & Trott had the opportunity to file that action, on or about August 26, 2014, Plaintiffs filed a Complaint in Genesee County Circuit Court that has now been removed to this Court. The Court was informed at the May 15, 2015 hearing on the motion for preliminary injunction that the Plaintiffs last made a payment on their Mortgage Loan sometime in 2010.

## II. STANDARD OF REVIEW

Defendant moves for a judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) and/or for summary judgment pursuant to Fed. R. Civ. P. 56. Discovery in this matter is closed, and was complete prior to the date on which Defendant filed its motion. Although the Court concludes that matters extraneous to the pleadings that have been attached by the parties in support of their respective briefs are either referred to in Plaintiffs' Complaint or central to Plaintiffs' claims and therefore can properly be considered on a Rule 12(c) motion, even if the motion is treated as one for summary judgment, Plaintiff has failed to create a genuine issue of material fact that would defeat the Defendants' motion. Additionally, the Court recognizes that a verified complaint is treated as an affidavit for purposes of summary judgment. *El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008). Plaintiffs' Complaint is not signed by them under penalty of perjury pursuant to 28 U.S.C. § 1746. It is signed only by Mr. Lutz and it is not a verified complaint. Even if it were, giving the allegations contained in the Complaint the same force and effect as an affidavit for purposes of summary judgment, Plaintiffs' fail to create a genuine issue of material fact that would move this case ahead to a trial.

4

A.      **Judgment on the Pleadings**

"Motions for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) are analyzed under the same de novo standard as motions to dismiss pursuant to Rule 12(b)(6)." *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008) (citing *Penny/Ohlmann/Nieman, Inc. v. Miami Valley Pension Corp.*, 399 F.3d 692, 697 (6th Cir. 2005)). "[T]he legal standards for adjudicating Rule 12(b)(6) and Rule 12(c) motions are the same . . . ." *Lindsay v. Yates*, 498 F.3d 434, 437 n. 5 (6th Cir. 2007). The Sixth Circuit has defined the pleading requirements necessary to withstand a challenge under Rule 12(c):

> We recently explained the pleading requirements that are necessary to survive a Rule 12(c) motion:
>
>> In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.... Factual allegations must be enough to raise a right to relief above the speculative level...." *Id.* at 1964-65 (internal citations omitted). In *Erickson v. Pardus*, 550 U.S. ----, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007), decided two weeks after *Twombly*, however, the Supreme Court affirmed that "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Id.* at 2200 (quoting *Twombly*, 127 S.Ct. at 1964). The opinion in *Erickson* reiterated that "when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Id.* (citing *Twombly*, 127 S.Ct. at 1965). We read the *Twombly* and *Erickson* decisions in conjunction with one another when reviewing a district court's decision to grant a motion to dismiss for failure to state a claim or a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12. *Sensations, Inc.*, 526 F.3d at 295-96 (footnote omitted).

5

*Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 550 (6th Cir. 2008) (quoting *Sensations,* 526 F.3d at 295 (6th Cir. 2008)).

When reviewing a motion to dismiss under Rule 12(b)(6), and therefore under Rule 12(c), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DirectTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). But the court "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). "[L]egal conclusions masquerading as factual allegations will not suffice." *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.* at 555 (internal citations omitted). Dismissal is appropriate if the plaintiff has failed to offer sufficient factual allegations that make the asserted claim plausible on its face. *Id.* at 570. The Supreme Court clarified the concept of "plausibilty" in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009):

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*, at 557 (brackets omitted).

6

*Id.* at 1948-50. A plaintiff's factual allegations, while "assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *LULAC v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 127 S.Ct. at 1965). Thus, "[t]o state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *Bredesen*, 500 F.3d at 527 (citing *Twombly*, 127 S.Ct. at 1969).

In ruling on a motion for judgment on the pleadings, as with a motion to dismiss, the Court may consider the complaint as well as (1) documents that are referenced in the plaintiff's complaint or that are central to plaintiff's claims and (2) matters of which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). *See also Greenberg v. Life Ins. Co. Of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999) (finding that documents attached to a motion to dismiss that are referred to in the complaint and central to the claim are deemed to form a part of the pleadings). Courts may consider "letter decisions of governmental agencies." *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999) (abrogated on other grounds *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002)); *Thomas v. Noder-Love*, __F. App'x__, 2015 WL 4385284, at *3 (6th Cir. 2015) (observing that letter decisions of federal agencies may typically be considered on a motion to dismiss without converting the motion to one for summary judgment) (citing *Jackson, supra*).

Where the claims rely on the existence of a written agreement, and plaintiff fails to attach the written instrument, "the defendant may introduce the pertinent exhibit," which is then considered part of the pleadings. *QQC, Inc. v. Hewlett-Packard Co.*, 258 F. Supp. 2d 718, 721 (E.D. Mich. 2003). "Otherwise, a plaintiff with a legally deficient claims could survive a motion to dismiss

simply by failing to attach a dispositive document." *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997).

## B. Summary Judgment

Pursuant to Federal Rule of Civil Procedure 56, a party against whom a claim, counterclaim, or cross-claim is asserted may file a motion for summary judgment "at any time until 30 days after the close of all discovery," unless a different time is set by local rule or court order. Fed. R. Civ. P. 56(b). Summary judgment is appropriate where the moving party demonstrates that there is no genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(a). "Of course, [the moving party] always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. *See also Gutierrez v. Lynch*, 826 F.2d 1534, 1536 (6th Cir. 1987).

A fact is "material" for purposes of a motion for summary judgment where proof of that fact "would have [the] effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties." *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984) (quoting Black's Law Dictionary 881 (6th ed. 1979)) (citations omitted). A dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Conversely, where a reasonable jury could not find for the nonmoving party, there is no genuine issue of material fact for trial. *Feliciano v. City of Cleveland*, 988 F.2d 649, 654 (6th Cir. 1993). In making this evaluation, the court must examine the evidence and draw all reasonable inferences in favor of the

non-moving party. *Bender v. Southland Corp.*, 749 F.2d 1205, 1210-11 (6th Cir. 1984). "'The central issue is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Binay v. Bettendorf*, 601 F.3d 640, 646 (6th Cir. 2010) (quoting *In re Calumet Farm, Inc.*, 398 F.3d 555, 558 (6th Cir. 2005)).

If this burden is met by the moving party, the non-moving party's failure to make a showing that is "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," will mandate the entry of summary judgment. *Celotex*, 477 U.S. at 322-23. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 324. "The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. The plaintiff must present more than a mere scintilla of the evidence. To support his or her position, he or she must present evidence on which the trier of fact could find for the plaintiff." *Davis v. McCourt*, 226 F.3d 506, 511 (6th Cir. 2000) (internal quotation marks and citations omitted). In doing so, the non-moving party may not rest upon the mere allegations or denials of his pleadings, but the response, by affidavits or as otherwise provided in Rule 56, must set forth specific facts which demonstrate that there is a genuine issue for trial. Fed. R. Civ. P. 56(e). The rule requires the non-moving party to introduce "evidence of evidentiary quality" demonstrating the existence of a material fact. *Bailey v. Floyd County Bd. of Educ.*, 106 F.3d 135, 145 (6th Cir. 1997); *see Anderson*, 477 U.S. at 252 (holding that the non-moving party must produce more than a scintilla of evidence to survive summary judgment). "A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record." Fed. R. Civ.

P. 56(c)(1)(A).

"Rule 56(e)(2) leaves no doubt about the obligation of a summary judgment opponent to make [his] case with a showing of facts that can be established by evidence that will be admissible at trial. . . . In fact, '[t]he failure to present any evidence to counter a well-supported motion for summary judgment alone is grounds for granting the motion.' Rule 56(e) identifies affidavits, depositions, and answers to interrogatories as appropriate items that may be used to support or oppose summary judgment." *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009) (quoting *Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009)). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses, and we think it should be interpreted in a way that allows it to accomplish this purpose." *Celotex*, 477 U.S. at 323-34.

### III. ANALYSIS

#### A. Count I - Wrongful Foreclosure

Plaintiffs allege in Count I that Defendants failed to follow the procedures set forth in Mich. Comp. Laws § 600.3201 *et seq.* "by failing to properly calculate the amount claimed to be due on the date of the notice of foreclosure." Compl. ¶ 23. This one-paragraph Count fails to plausibly suggest a claim and, again, Plaintiffs have added nothing further in support of these allegations now that discovery has closed that would create a genuine issue of material fact to defeat Defendant's motion for summary judgment.[2] Plaintiffs do not identify which section of the foreclosure by

---

[2] Plaintiffs' counsel, Mr. Lutz, has filed a responsive brief in this matter that is virtually a verbatim version of other factually non-specific cookie-cutter responses he has filed in other cases in this District, *see, e.g. Nadratwoski v. Mortg. Elec. Reg. Sys.*, No. 14-14010, (E.D. Mich. 2014) (ECF No. 10, Response to Motion to Dismiss), changing only the singular "plaintiff" to "plaintiffs." Mr. Lutz does not even bother to change to the appropriate standard of review – the motion in this case is filed

10

advertisement statute Defendant is alleged to have violated but because Count I alleges, in its sole paragraph, that Defendant failed to "properly calculate the amount due," we presume that they claim a violation of § 600.3212, which sets forth the required contents of the notice of foreclosure by advertisement and requires that it contain "the amount claimed to be due on the mortgage." Section 600.3212(c).

Plaintiffs' allegations, which are completely unsupported by further factual development following discovery, fall well short of providing the factual detail required to plausibly suggest such a claim or to create a genuine issue of material fact. Plaintiffs do not allege the claimed improper amount nor do they allege what they believe the proper amount should have been. Plaintiffs' counsel, David Lutz, is well aware of the failure of such allegations to withstand a motion to dismiss, as other courts in this District have dismissed identical claims in other of Mr. Lutz's cases based on similarly vague allegations:

> Plaintiff alleges that Defendants failed to properly calculate the amount claimed to be due on the date of the notice of foreclosure in violation of Mich. Comp. Laws § 600.3212(c). From a pleading perspective, this claim falls short of the mark. Plaintiff fails to assert basic elements of her claim, including what she believed the correct amount due to be. Plaintiff has made no factual allegation beyond stating that the amount due was inaccurate. As the Supreme Court reiterated in *Iqbal*, "the pleading standard Rule 8 announces . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." 556 U.S. at 678 (citations omitted). This aspect of Plaintiff's claim is little more than a "naked assertion devoid of further factual enhancement." *Id.*

*Fredericks v. Allquest Home Mortg. Corp.*, No. 15-10429, 2015 WL 1966856, at *2 (E.D. Mich.

---

pursuant to Fed. R. Civ. P. 12(c), not 12(b)(6). The brief rambles and fails to track the three-Count Complaint filed in this case. The Court will analyze the claims as they appear in the Complaint and as they were challenged in Defendant's motion, and will disregard the disjointed format of the Plaintiffs' Response, which seeks to introduce a host of new claims, none of which is pled in the Complaint.

11

April 30, 2015) (Edmunds, J.) (alteration in original). *See also Frank v. Mortg. Elec. Regis. Sys., Inc., et al.*, No. 14-13518, 2014 WL 6886589, at *2-3 (E.D. Mich. Dec. 4, 2014) (Cohn, J.) (holding that Count I, containing similarly vague allegations regarding the improper statement of the amount due, failed to satisfy *Twombly* where "the complaint presents no facts or explanation for how the amount on the notice was improperly calculated, why it is incorrect, or what the correct amount should have been.").

Even assuming that Plaintiffs could establish some violation of the Michigan foreclosure statute, Michigan law is well established that a completed foreclosure can only be set aside if the Plaintiffs can establish prejudice. Prejudice can only be shown by demonstrating that Plaintiff "would have been in a better position to preserve his interest in the property absent defendant's non-compliance with the statute." *Kim v. JPMorgan Chase Bank, N.A.*, 493 Mich. 98, 115-16 (2012). Plaintiffs have not even claimed prejudice in this case and certainly have not demonstrated that they were subject to double liability or had the financial wherewithal to pay the redemption amount to reclaim their Property after it had been sold at foreclosure. *See Conlin v. Mortg. Elec. Regis. Sys.*, 714 F.3d 355, 361-62 (6th Cir. 2013) (finding no actionable claim for wrongful foreclosure where plaintiff "has not shown that he will be subject to liability from anyone other than U.S. Bank; he has not shown that he would have been in any better position to keep the property absent the defect; and he has not shown that he has been prejudiced in any other way.").

Accordingly, Count I of the Complaint is DISMISSED.

### B.     Count II - Breach of Contract

To state a breach of contract claim under Michigan law, plaintiffs must plead that "'(1) that there was a contract, (2) that the other party breached the contract and, (3) that the party asserting

breach of contract suffered damages as a result of the breach.'" *Dunn v. Bennett*, 303 Mich. App. 767, 774 (Mich. Ct. App. 2013) (quoting *Miller-Davis Co. v. Ahrens Const., Inc.*, 296 Mich. App. 56, 71 (2012)). Plaintiffs allege in paragraph 25 of the Complaint that the Note and Mortgage constitute a "contract" between Plaintiffs and Defendant. Plaintiffs then allege that Defendant breached a covenant of good faith and fair dealing with regard to that "contract." Compl. ¶ 26. The Complaint alleges that Defendant breached that covenant by "disingenuously negotiating" with Plaintiffs for a loan modification. Compl. ¶ 27.

First, the Complaint fails to identify any provision of the Note or Mortgage that would impose an obligation on the Defendants to modify Plaintiffs' loan. Second, "'Michigan does not recognize a cause of action for breach of the implied covenant of good faith and fair dealing.'" *Frank*, 2014 WL 6886589, at *3 (quoting *Fodale v. Waste Mgmt. of Mich., Inc.*, 271 Mich. App. 11, 35 (2006)). *See also Belle Isle Grill Corp. v. City of Detroit*, 256 Mich. App. 463, 476 (Mich. Ct. App. 2003) ("Michigan does not recognize a claim for breach of an implied covenant of good faith and fair dealing"). In their response, Plaintiffs cite authority standing for the proposition that *if* a defendant's performance is a matter of discretion, then Michigan courts will imply a covenant of good faith and fair dealing. Nothing in the Note and Mortgage, or in the documents identified by Plaintiffs as forming the basis for their breach of contract claim, gives any discretion to Defendant with regard to their obligations under those instruments. This proposition of law regarding discretionary conduct is inapplicable to these facts as Defendant has no discretion with regard to its performance under the Note and Mortgage, the only "contract" on which Plaintiffs base their claim of breach. Plaintiffs assert in their response that "loan modification" was a matter of Defendant's discretion, but, as discussed *infra*, the statute of frauds bars any claim that there was an oral

13

agreement reached between the parties regarding loan modification.

Finally, if Plaintiffs are alleging a breach of contract based on an oral representation, this claim fails under the Michigan financial institution statute of frauds. Michigan's financial institution statute of frauds, Mich. Comp. Laws § 566.132, requires that any agreement by a financial institution to modify a loan agreement or forbear from proceeding with their foreclosure rights must be in writing and signed by an authorized agent of the financial institution. Section 566.132 provides in relevant part:

> (2) An action shall not be brought against a financial institution to enforce any of the following promises or commitments of the financial institution unless the promise or commitment is in writing and signed with an authorized signature by the financial institution:
>
> (a) A promise of commitment to lend money, grant or extend credit, or make any other financial accommodation.
>
> (b) A promise or commitment to renew, extend, modify, or permit a delay in repayment or performance of a loan, extension of credit, or other financial accommodation.
>
> (c) A promise of commitment to waive a provision of a loan, extension of credit, or other financial accommodation.

Mich. Comp. Laws § 566.132(2).

This statutory provision has been strictly enforced to bar any type of claim against a financial institution that is not supported by a written document signed by an authorized agent of the financial institution. *See Crown Technology Park v. D&N Bank, FSB*, 242 Mich. App. 538, 550 (2000) (holding that, under the "unqualified and broad ban" of section 566.132, "a party is precluded from bringing a claim - no matter its label - against a financial institution to enforce the terms of an oral promise . . . including actions for promissory estoppel"). *See also Dingman v. OneWest Bank, FSB*,

859 F. Supp. 2d 912, 919 (E.D. Mich. 2012) (citing *Crown Technology* and dismissing plaintiffs' fraud claims that would require the court to enforce alleged oral promises and representations in contravention of the statute of frauds); *Snell v. Wells Fargo Bank*, No. 11-12018, 2012 WL 1048576, at *6-7 (E.D. Mich. March 28, 2012) (citing *Crown Technology* and finding that under Michigan statute of frauds, a party is precluded from bringing any claim against a financial institution to enforce the terms of an oral promise and rejecting plaintiff's attempt to rely on alleged unwritten promises by its lender to enter into a loan modification agreement or to forbear from foreclosure); *Heikkinen v. Bank of America, N.A.*, No. 11-13532, 2012 WL 628608, at *7 (E.D. Mich. Feb. 27, 2012) ("Because Plaintiff presents no evidence of a writing signed by Defendants promising to modify her loan documents, her claims based on any such promise do not survive Defendants' motion for summary judgment and are dismissed."); *Meyer v. Citimortgage, Inc.*, No. 11-13432, 2012 WL 511995, at *9 (E.D. Mich. Feb. 16, 2012) (dismissing "claim [] based on an unwritten agreement by CMI to consider plaintiffs for a loan modification," finding that "a promissory estoppel claim is also barred by the statute of frauds"); *Williams v. JP Morgan Mtg. Acquisition Corp.*, No. 09-12106, 2010 WL 1052356, at *4 (E.D. Mich. March 19, 2010) (finding that third party notes of conversations with defendant's representatives, allegedly indicating an agreement to delay a sheriff's sale, at most "offer[ed] proof of a verbal promise and not a writing signed by Defendant as required by [Mich. Comp. Laws § 566.132]"); *Ajami v. IndyMac Mtg. Services*, No. 09-13488, 2009 WL 3874680, at *2 (E.D. Mich. Nov. 13, 2009) (finding that oral promises to modify a loan "fall squarely within the express language of M.C.L. § 566.132(2)(b) and (c)" and dismissing plaintiffs' claims based on plaintiffs' failure to provide documentary evidence establishing a promise of financial accommodation). Plaintiffs present no such documentation here.

Plaintiffs argue in their response that the statute of frauds is inapplicable based upon the doctrine of promissory estoppel. The law is clear, however, that the financial institution statute of frauds bars *any* claim based on an oral representation, including claims of promissory estoppel. *See Crown Technology*, 242 Mich. App. at 550 (holding that, under the "unqualified and broad ban" of section 566.132, "a party is precluded from bringing a claim - no matter its label - against a financial institution to enforce the terms of an oral promise . . . including actions for promissory estoppel"); *Meyer*, 2012 WL 511995, at *9 (dismissing "claim [] based on an unwritten agreement by CMI to consider plaintiffs for a loan modification," finding that "a promissory estoppel claim is also barred by the statute of frauds").

Accordingly, Count II of the Complaint is DISMISSED.

**C.     Count III - Fraudulent Misrepresentation**

It is entirely unclear from the allegations set forth in Count III (again unsupported by any further evidence or factual support following discovery) exactly what conduct Plaintiffs claim constitutes the basis for their fraudulent misrepresentation claim. The allegations are so vague, setting forth only a recitation of the legal elements of such claim, that it is impossible to discern what statements Plaintiffs claim were fraudulent. In their Response, Plaintiffs suggest that this claim relates to the fact that Defendant initiated loan modification proceedings and denied Plaintiffs' request for a loan modification without sufficient explanation. Resp. 13. Although Plaintiffs conclude their one-sentence factual basis regarding this claim with the assertion that "these facts are specific and rise above the level of conclusory allegations," in reality NO facts regarding the who, what, where or when of the alleged fraudulent statements are provided.

To state a claim of fraudulent misrepresentation, Plaintiffs must establish: "(1) [t]hat

16

defendant made a material representation; (2) that it was false; (3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth, and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby suffered injury. Each of these facts must be proved with a reasonable degree of certainty, and all of them must be found to exist; the absence of any one of them is fatal to a recovery." *Hi–Way Motor Co. v. International Harvester Co.*, 398 Mich. 330, 336 (1976) (quoting *Candler v. Heigho*, 208 Mich. 115, 121, 175 N.W. 141 (1919)).

Fed. R. Civ. P. 9(b) requires that a party alleging fraud or mistake "state with particularity the circumstances constituting fraud or mistake." A plaintiff must "allege the time, place, and content of the alleged misrepresentations on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Sanderson v. HCA–The Healthcare Co.*, 447 F.3d 873, 877 (6th Cir. 2006). Failure to comply with Rule 9(b) is grounds for dismissal of the claim. *U.S. ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 501 F.3d 493, 524 (6th Cir. 2007).

Plaintiffs' fraudulent misrepresentation claim remains, even after the opportunity for full discovery, a conclusory recitation of the elements of a fraudulent misrepresentation claim. Such a "formulaic recitation of the elements" is exactly what the Supreme Court deemed insufficient to survive a motion to dismiss. *Twombly*, 550 U.S. at 555. Plaintiffs provide no evidentiary support whatsoever that would enable the Court to identify any of the elements necessary to sustain a claim of fraudulent misrepresentation or to create a genuine issue of material fact for trial. No specific representations are identified in the Complaint, and none have surfaced through discovery, regarding

any reliance on those unspecified representations.[3]

Accordingly, Count III of the Complaint is DISMISSED.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the Defendant's Motion for Judgment on the Pleadings or for Summary Judgment and DISMISSES Plaintiff's Complaint WITH PREJUDICE.

IT IS SO ORDERED.

Paul D. Borman
United States District Judge

Dated: APR 29 2016

APR 2 9 2016

---

[3] Plaintiffs suggest in their Response that they have a viable claim under the Real Estate Settlement Procedures Act ("RESPA") because Defendant allegedly continued to pursue foreclosure proceedings while also evaluating Plaintiffs for a loan modification. Resp. 18-19. Such a claim is not pled in Plaintiffs' Complaint and Plaintiffs never filed or sought leave to file an Amended Complaint. In any event, the principal relief Plaintiffs seek in this action, *i.e.* setting aside the foreclosure sale of their home, is unavailable under RESPA. *Houle v. Green Tree Servicing*, No.14-14654, 2015 WL 1867526, at *4 (E.D. Mich. April 23, 2015) (noting that the principal relief sought by plaintiff – to set aside the sheriff's sale – "is unavailable to him under RESPA"). Moreover, Plaintiffs' own documentation offered in opposition to the Defendant's motion demonstrate that Plaintiffs were last denied loss mitigation on July 9, 2014, before notice of foreclosure was first posted on July 23, 2014. Pls.' Resp. Exs. 2, 3.